JOHN H. PIERCE & another *vs.* DANIEL F. NEWTON.

Witnesses called to impeach the credit of another witness, and who have testified that his character for truth was bad, may be asked by the party calling them whether this related wholly or in part to that witness's punctuality in paying his debts.

ACTION OF TORT against a deputy sheriff for attaching property of the plaintiffs on a writ against a third party.

At the trial in the court of common pleas at December term 1858, the plaintiffs called several witnesses for the purpose of impeaching the character for truth and veracity of Reuben G. Holmes, a material witness for the defendant. The verdict was for the plaintiffs, and *Mellen,* C. J. signed a bill of exceptions, the material part of which was as follows:

" Some of the witnesses answered on cross-examination in such a manner as to leave the impression that Holmes's bad

Pierce & another *v.* Newton.

reputation was confined in part, if not entirely, to his promises to pay his debts. On a reëxamination of one of these witnesses, by the plaintiffs' counsel, he proposed questions for the purpose of showing that Holmes's reputation was not confined to such promises to pay. The defendant's counsel objected to this inquiry; and the court sustained the objection, and refused to allow the questions on the reëxamination.

" On the direct examination of the next witness as to character, the plaintiffs' counsel inquired of him, what was the general reputation of said Holmes for truth and veracity; and the witness answered, it was not good. The plaintiffs' counsel then inquired, if such reputation related wholly or in part to said Holmes's want of punctuality in the payment of his debts. To this question the defendant's counsel objected as incompetent; but the court allowed the question to be put to this and several subsequent witnesses, and the same was answered by the witnesses. To this ruling the defendant's counsel excepted."

*F. H. Dewey & E. B. Stoddard*, for the defendant, cited 1 Greenl. Ev. § 461; *Bates* v. *Barber*, 4 Cush. 108; *Deshon* v. *Merchants' Ins. Co.* 11 Met. 199; *Ingledew* v. *Northern Railroad*, 7 Gray, 91.

*L. H. Boutelle*, for the plaintiff, was stopped by the court.

BY THE COURT. We can perceive no ground for not admitting the question. It related to the general character of the witness, and was properly admitted for the purpose of showing that the reputation of the witness for want of truth and veracity was general, and not confined to particular instances.

*Exceptions overruled.*